[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14864
Non-Argument Calendar

_____

D. C. Docket No. 06-00032-CR-ORL-18-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEALLY CUNNINGHAM,
a.k.a. Neally Cunningham, Jr.,
a.k.a. Nealey Cunningham, III,
a.k.a. Nealy Cunningham, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 19, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Neally Cunningham appeals his convictions for possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C). Cunningham also argues that his trial counsel was constitutionally ineffective. We decline to review the ineffective assistance claim, and we affirm Cunningham's convictions.

At trial, the government presented police testimony that, on February 25 and 26, 2006, police conducted two controlled buys of crack cocaine from Cunningham. On both occasions, a confidential informant called Cunningham to arrange for the transaction, and police watched while the informant gave Cunningham money and Cunningham gave something to the informant. The informant later gave the police a quantity of crack cocaine. Police testified that they searched the informant's car before each transaction and followed the informant to ensure that the informant did not make contact with anyone else. Although both times the informant wore an audio transmitting device, the transactions were not recorded, and the confidential informant did not testify. The district court denied Cunningham's motion for a judgment of acquittal, and the jury convicted Cunningham of two counts of possession with intent to distribute crack cocaine.

We review de novo the sufficiency of the evidence, and view the evidence in the light most favorable to the government to determine whether a reasonable jury

could conclude that the evidence establishes guilt beyond a reasonable doubt. United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006), petition for cert. filed (U.S. Mar. 27, 2007) (No. 06-10433). We review de novo a claim that counsel was constitutionally ineffective. Jones v. Campbell, 436 F.3d 1285, 1292 (11th Cir.), cert. denied, 127 S. Ct. 619 (2006).

Cunningham argues that the lack of audio recordings of the controlled buys and the confidential informant's failure to testify establish that a reasonable jury could not have convicted him. We disagree. Our review requires us to make all credibility determinations in favor of the verdict, so we must credit the police testimony about the controlled buys, including the testimony that police searched the informant's car before the transactions and that the informant had no contact with anyone else. The jury could reasonably conclude from that testimony that each of the elements of the offense were present: knowledge from Cunningham's participation in the transaction, possession from the observation of the police that Cunningham gave something to the informant, and intent from Cunningham's actual distribution of the drugs. See United States v. Gamboa, 166 F.3d 1327, 1331 (11th Cir. 1999) (stating the three elements of the offense).

We decline to review Cunningham's claim that his trial counsel was constitutionally ineffective for failing to request a "missing witness" jury

3

instruction. "Except in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal." United States v. Verbitskaya, 406 F.3d 1324, 1337 (11th Cir. 2005), cert. denied, 126 S. Ct. 1095 (2006). Because Cunningham did not raise this issue in the district court, the record is not complete enough for us to rule on this claim at this time.

Cunningham's convictions are

**AFFIRMED.**